IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| PHONG VANG, | § |
| | § |
|    Petitioner, | § |
| | § |
| v. | §    CAUSE NO. EP-26-CV-117-KC |
| | § |
| MARY DE ANDA-YBARRA et al., | § |
| | § |
|    Respondents. | § |

## ORDER

On this day, the Court considered the case. Phon Vang, a Laotian national subject to a final order of removal, filed a Petition for a Writ of Habeas Corpus, ECF No. 1. In answer to the Court's Show Cause Order, ECF No. 2, Respondents filed their Response, ECF No. 3, in opposition to Vang's Petition.

Respondents argue that Vang's re-detention is lawful under 8 U.S.C. § 1231(a)(6) because "[t]here is no good reason to believe that removal to a third country in the reasonably foreseeable future is unlikely." Resp. 8. Vang was allegedly re-detained on January 6, 2026, "to effectuate his deportation order due to ERO's determination that he could now be removed to a third country in the reasonably foreseeable future." Decl. Vanessa Martinez ("Martinez Decl.") ¶ 17, ECF No. 3-1. However, on January 21, ERO El Paso submitted a travel document request to Laos, not a third country, on Vang's behalf. *Id.* ¶ 21. It was only on January 26 that ERO El Paso, upon "a closer review," learned that Vang could not be deported to Laos pursuant to his 2003 grant of deferral from removal. *Id.* ¶¶ 22–23. Thus, it appears that Vang was initially re-detained to effectuate his removal to Laos, a country to which he cannot be removed. Only upon discovering Vang's deferral grant are Respondents now pursuing third country removal. To that

end, Respondents state that ERO El Paso has "contacted ICE HQ RIO for assistance in coordinating Vang's deportation to a third country," who, in turn, asked ERO El Paso to provide a complete travel document request. *Id.* ¶ 25. "ERO El Paso is still actively working to compile a completed travel document request to submit to ICE HQ RIO" and to "identify a third country to deport Vang to." *Id.* ¶¶ 27–28. And "anticipates no impediments to deporting Vang to a third country upon ICE HQ RIO identification of such country and prompt submission of a travel document request." *Id.* ¶ 30.

Although Vang's removal to Laos, for which he was originally re-detained, is prohibited by his deferral grant, because his removal to a third country would likely moot this Petition, the Court takes this matter under advisement pending additional information from Respondents.

Accordingly, the Court **ORDERS** that Respondents shall provide a status report **by no later than March 6, 2026**, detailing the following:

(1) whether Respondents have submitted a completed travel document request for Vang to ICE HQ RIO, and if so, that date of submission;

(2) whether ICE HQ RIO has identified a third country for removal, and if not, the expected timeline for identification and the countries considered;

(3) if ICE HQ RIO has identified a third country, whether a travel document request has been submitted to that country, and if not, the expected timeline for submission; and

(4) if a travel document request has been submitted, the date of submission and the expected timeline for approval.

**Respondents are cautioned that failure to provide the Court with concrete and responsive information that goes to the likelihood of Vang's removal may result in an order directing that he be given a bond hearing or released from custody.**

**SO ORDERED.**

**SIGNED** this 6th day of February, 2026.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE